UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

WILLIAM GARY SULLIVAN

CASE NO.   8:07-CR- 438-T 23 mAP

18 U.S.C. § 371
18 U.S.C. § 1030(a)(2)(A)&(C)
18 U.S.C. § 981(a)(1)(c)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Conspiracy - 18 U.S.C. § 371)

#### A. Introduction

At all times material to this Information:

1.  Pinellas County was located wholly within the Middle District of Florida.

2.  Fidelity National Information Services, Inc. ("FIDELITY") was a consumer reporting agency within the meaning of Title 15, United States Code, Section 1681a(f).

3.  Certegy Check Services, Inc. ("CERTEGY") was a wholly owned subsidiary of Fidelity.

4.  Fidelity National Card Services, Inc. ("CARD SERVICES") was also a wholly owned subsidiary of Fidelity.

5.  Fidelity, Certegy and Card Services maintained databases that contained consumer information within the meaning of consumer reports as defined by Title 15, United States Code, Section 1681a(d).

6.  Moreover, said databases were accessed through and maintained upon protected computers as defined by Title 18, United States Code, Section 1030(e)(2).

7.  Defendant William Gary Sullivan ("SULLIVAN") was employed by Fidelity through Certegy and Card Services as a database analyst.

8.  As a database analyst, Sullivan had access to consumer information in Fidelity, Certegy and Card Services's databases.

9.  The consumer information in Fidelity, Certegy and Card Services's databases included the consumer's address. Often the consumer information also included the consumer's bank account information, credit card information, debit card information, or some combination of bank account, credit card, and debit card information.

## B. The Conspiracy

8.  Between in or about February 2002 through in or about August 2007, in Pinellas County, in the Middle District of Florida and elsewhere, the defendant,

### WILLIAM GARY SULLIVAN,

herein, with others known and unknown, did unlawfully, willfully and knowingly conspire, combine, confederate, and agree with one another and with other individuals known and unknown to commit offenses against the United States, to wit:

(1)  fraud and related activity in connection with computers, in violation of 18 U.S.C. § 1030(a)(2)(A),1030(a)(2)(C) and 1030(c)(2)(B)(i).

2

## C.  The Manner and Means

9.    The manner and means by which the conspirators sought to accomplish the

objects of the conspiracy included, among others:

(a)    It was a part of the conspiracy that defendant, WILLIAM  GARY

SULLIVAN, would and did  fraudulently steal consumer information from

Fidelity, Certegy and Card Services's  databases;

(b)    It was further part of the conspiracy that another conspirator would and

did pay the defendant who stole the consumer information for that stolen

information;

(c)    It was further a part of the conspiracy that the defendant would and did

fraudulently form a front corporation through which the consumer

information was sold to the co-conspirator; and

(d)    It was further a part of the conspiracy that the conspirators would and did

conduct these activities in a manner calculated to conceal and cover up

the fraudulent and unlawful nature of the scheme.

(e)    It was further part of the conspiracy that the conspirators would and did

fraudulently resell the stolen information to third-party direct marketers;

## D.  Overt Acts

10.    In furtherance of the conspiracy, and to effect the objects thereof, the following

overt acts among others, were committed in the Middle District of Florida, and

elsewhere:

(1)    On February 2, 2002, Sullivan incorporated S & S Computer Services,

Inc., with the State of Florida.

3

(2)   Payments in the form of checks were issued for the stolen consumer data
      and accepted by S&S Computer Services, Inc., examples of which are set
      forth as overt acts, below:

| OVERT ACT | CHECK | DATE | AMOUNT | MEMO LINE |
|---|---|---|---|---|
| A | 1112 | 04/23/03 | $3,000.00 | Lists |
| B | 1114 | 04/29/03 | $3,340.00 | List Services |
| C | 1115 | 05/21/03 | $ 7,350.00 | Lists |
| D | 1116 | 05/30/03 | $4,275.00 | Lists |
| E | 1117 | 06/09/03 | $3,000.00 | Lists |
| F | 1118 | 06/16/03 | $5,500.00 | Lists |
| G | 1120 | 06/20/03 | $2,450.00 | Lists |
| H | 1121 | 07/07/03 | $2,280.00 | Lists |
| I | 1124 | 07/15/03 | $7,000.00 | Leads |
| J | 1126 | 07/28/03 | $5,000.00 | For Lists |
| K | 1125 | 07/28/03 | $500.00 | Balance from 190,000 |
| L | 1127 | 08/18/03 | $5,750.00 | 130,000 Leads |
| M | 1128 | 09/03/03 | $10,221.00 | Lists |
| N | 1129 | 09/05/03 | $3,300.00 | Lists |
| O | 1132 | 10/06/03 | $8,065.35 | Lists (Sept) |
| P | 1134 | 10/31/03 | $8,258.00 | Lists |
| Q | 1002 | 01/08/04 | $1,417.00 | Lists |
| R | 1005 | 02/02/04 | $9,906.50 | Lists |
| S | 1006 | 02/23/04 | $9,922.50 | Lists |
| T | 1007 | 03/19/04 | $7,500.00 | Leads |
| U | 1009 | 04/16/04 | $7,262.00 | Leads |
| V | 1011 | 05/12/04 | $4,000.00 | Lists Services |
| W | 1010 | 05/11/04 | $4,000.00 | Lists |
| X | 1013 | 06/11/04 | $ 7,600.00 | Lists |
| Y | 1016 | 07/08/04 | $8,250.00 | Lists |
| Z | 1020 | 08/16/04 | $8,000.00 | List Services |
| AA | 1026 | 09/17/04 | $8,600.00 | Lists |
| AB | 1027 | 10/01/04 | $7,600.00 | Lists |
| AC | 1028 | 11/01/04 | $8,850.00 | List |
| AD | 1030 | 11/26/04 | $9,420.00 | Lists 0167-0170 |
| AE | 1157 | 12/27/04 | $15,700.00 | Lists (December) |
| AF | 1161 | 01/21/05 | $15,750.00 | Dec-Jan Lists |
| AG | 1169 | 02/17/05 | $9,138.00 | Lists 0178-0181 |
| AH | 1178 | 03/18/05 | $8,585.00 | Lists Services |
| AI | 1188 | 04/15/05 | $7,500.00 | March & April |

| AJ | 1212 | 06/03/05 | $12,770.00 | For List 0191-0197 |
|----|------|----------|------------|--------------------|
| AK | 1218 | 07/07/05 | $7,645.00 | List 0198-0201 |
| AL | 1225 | 08/10/05 | $8,500.00 | 0202-0206 Lists |
| AM | 1237 | 09/09/05 | $8,600.00 | List 0207-0210 |
| AN | 1244 | 10/03/02 | $8,670.00 | 0211-0214 |
| AO | 1252 | 11/06/05 | $8,300.00 | Lists 0215-0218 |
| AP | 1263 | 12/03/05 | $10,450.00 | Lists 0219-0222 |
| AQ | 1272 | 12/30/05 | $11,000.00 | Lists Services |
| AR | 1289 | 02/03/06 | $10,500.00 | Lists 0228-0231 |
| AS | 1294 | 03/06/06 | $10,150.00 | For Lists 0233-0236 |
| AT | 1302 | 03/24/06 | $9,500.00 | 0236-0239 |
| AU | 1306 | 04/21/06 | $9,400.00 | 0240-0243 |
| AV | 1316 | 05/17/06 | $11,850.00 | 0243-0246 |
| AW | 1337 | 06/20/06 | $11,600.00 | 0248-0251 |
| AX | 1344 | 07/17/06 | $12,000.00 | 0251-0254 |
| AY | 1358 | 08/11/06 | $10,800.00 | 0255-0258 |
| AZ | 1374 | 09/11/06 | $10,850.00 | 0258-0262 |
| BA | 1389 | 10/09/06 | $10,000.00 | 0264-0267 |
| BB | 1399 | 11/10/06 | $13,750.00 | 0269-0972 Data Files |
| BC | 1405 | 12/08/06 | $15,750.00 | Lists 0273-0276 |
| BD | 1419 | 01/13/07 | $3,500.00 | 0279-0281 |
| BE | 1416 | 01/12/07 | $6,000.00 | 0278-0281 |
| BF | 1424 | 02/12/07 | $13,500.00 | Lists Services 0282-0285 |
| BG | 1432 | 03/16/07 | $18,350.00 | 0287-0290 |
| BH | 1439 | 04/06/07 | $17,350.00 | March |
| BI | 1447 | 05/14/07 | $14,000.00 | |
| BJ | 1453 | 06/07/07 | $9,375.00 | Data Tech Support |
| BK | 1454 | 06/11/07 | $7,950.00 | Data Services |

All in violation of Title 18, United States code, Section 371.

## COUNT TWO
### (Fraud and related activity in connection with computers - 18 U.S.C. § 1030(a)(2)(A) and (C))

Between in or about February 2002 through in or about August 2007, in Pinellas

County, in the Middle District of Florida and elsewhere, the defendant,

WILLIAM GARY SULLIVAN,

herein, with others known and unknown, did unlawfully and intentionally access a

computer without authorization and exceed authorized access and thereby

obtain information contained in a file of a consumer reporting agency on a

consumer and information from any protected computer where the conduct

involved an interstate or foreign communication, and committing the offense for

purposes of commercial advantage or private commercial gain.

All in violation of Title 18, United States Code, Sections 1030(a)(2)(A)&(C),

1030(c)(2)(B)(i), and 2.

## FORFEITURES

1.   The allegations contained in Counts One and Two of this Information are hereby

realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C)

and Title 28, United States Code, Section 2461(c).

2.   From his engagement in any and all violations alleged in Count One of this

Information, related to conspiracy, in violation of Title 18, United States Code,

Section 371, and Count Two of this Information, related to fraud and related

activity in connection with computers, in violation of Title 18, United States Code,

Sections 1030(a)(2)(A), 1030(a)(2)(C), 1030(c)(2)(B)(i), and 2, the defendant,

WILLIAM GARY SULLIVAN, shall forfeit to the United States of America,

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), all of his interest in any property real or

personal, which constitutes or is derived from proceeds obtained directly or

indirectly as a result of such offense.

3.   If any of the property described above, as a result of any act or omission of the

defendant:

6

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided
      without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property under the provisions of Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).


ROBERT E. O'NEILL
United States Attorney

By:

THOMAS N. PALERMO
Assistant United States Attorney

By:

ROBERT MOSAKOWSKI
Assistant United States Attorney
Chief, Tampa Division