# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | CASE NUMBER:   8:07-cr-438-T-23MAP<br>USM NUMBER:   49791-018 |
| WILLIAM GARY SULLIVAN | Defendant's Attorney:   Jeffrey Gelbert Brown, ret |

THE DEFENDANT:

__X__   pleaded guilty to count ONE and TWO of the information.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit fraud in connection with computers | August, 2007 | ONE |
| 18 U.S.C. §§ 1030(a)(2)(A), 1030(a)(2)(C), 1030(c)(2)(B)(i) and 2. | Fraud in connection with computers | August, 2007 | TWO |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: July 10, 2008

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE
DATE: July 11th, 2008

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | WILLIAM GARY SULLIVAN | Judgment - Page 2 of 6 |
| Case No.: | 8:07-cr-438-T-23MAP | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FIFTY-SEVEN (57) MONTHS, as to each of counts one and two, terms to run concurrently..

__X__   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  __X__ within 60 days.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

__ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

Defendant: WILLIAM GARY SULLIVAN  
Case No.: 8:07-cr-438-T-23MAP  
Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THIRTY-SIX (36) MONTHS, as to each of counts one and two, terms to run concurrently..

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: WILLIAM GARY SULLIVAN | Judgment - Page 4 of 6 |
| Case No.: 8:07-cr-438-T-23MAP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

X     The defendant shall provide the probation officer access to any requested financial information.

X     The defendant shall refrain from engaging in any employment which gives him access to consumer personal information, including information pertaining to bank accounts, credit card accounts, home address and telephone numbers.

| Defendant: | WILLIAM GARY SULLIVAN | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:07-cr-438-T-23MAP | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $200 | $waived | $3,972,290 |

_____ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_____ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Certegy<br>Attention Lynn V. Cravey<br>Senior Vice President and<br>Chief Division Counsel - Check Services<br>Fidelity National Information Services, Inc.,<br>100 Second Avenue South, Suite 100S<br>St. Petersburg, Florida 33701 | | $3,972,290 | |
| Totals: | $ | $ 3,972,290 | |

X    Restitution amount ordered pursuant to plea agreement  $ 3,972,290 .

_____ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_____ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    _____ the interest requirement is waived for the ___ fine ___ restitution.

    _____ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | WILLIAM GARY SULLIVAN | Judgment - Page  6  of  6 |
| Case No.: | 8:07-cr-438-T-23MAP | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   **X**   Lump sum payment of $ 200. due immediately.

        ___ not later than _____, or

        ___ in accordance  ___ C,  ___ D,  ___ E or  ___ F below; or

B.   ___   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.   ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.   ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   ___   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.   **X**   Special instructions regarding the payment of criminal monetary penalties: The defendant shall pay restitution in the amount of $3,972,290 to Certegy, Attention Lynn V. Cravey, Senior Vice President and Chief Division Counsel - Check Services, Fidelity National Information Services, Inc., 100 Second Avenue South, Suite 100S, St. Petersburg, Florida 33701. The defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $250 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the court of a material change in the defendant's ability to pay, and the court may adjust the payment schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   _   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

   _   The defendant shall pay the cost of prosecution.

   _   The defendant shall pay the following court cost(s):

**X**   Forfeiture ordered by the court pursuant to the attached Order of Forfeiture as to Specific Asset and Forfeiture Money Judgment, dated March 10, 2008.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO. 8:07-cr-438-T-23MAP

WILLIAM GARY SULLIVAN
_____/

## PRELIMINARY ORDER OF FORFEITURE
## AS TO SPECIFIC
## ASSET AND FORFEITURE MONEY JUDGMENT

In his plea agreement (Doc. 4, section 13), Sullivan specifically agrees "to forfeit funds in the amount of $107,000.00 seized from Bank of America Account 1265417361" and "to entry of a forfeiture money judgment in the amount of proceeds the defendant obtained as a result of his offense . . . ." Sullivan also admitted and agreed "that the conduct described in the Factual Basis (Doc. 4, section 9) below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government." Section 9 of the plea agreement states that Sullivan "was paid by the co-conspirator via business checks totaling more than $580,000 over the course of the conspiracy . . . ."

The United States moves (Doc. 18) for entry of a forfeiture money judgment in the amount of $473,000 and a preliminary order of forfeiture, which shall be a final order as to Sullivan's right, title, and interest in the $107,000 in United States currency seized from Bank of America Account Number 1265417361. The motion is **GRANTED.**

As a result of the conspiracy and computer fraud scheme, Sullivan obtained funds in the amount of $580,000.00 for which Sullivan is personally liable. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b), Federal Rules of Criminal Procedure, the United States is entitled to possession of the $107,000 in currency and a forfeiture money judgment in the amount of $473,000.00.

All right, title, and interest of Sullivan in the $107,000 in United States currency seized from Bank of America Account Number 1265417361, is forfeited to the United States for disposition in accordance with the law.

Pursuant to 21 U.S.C. § 853(n), the United States will publish, in such a manner as the Attorney General may direct, notice of its intent to dispose of the forfeited $107,000 seized from Bank of America Account Number 1265417361. As to any person known to have alleged an interest in the $107,000, to the extent practicable, the United States may provide direct written notice as a substitute for published notice.

Other than Sullivan, any person who claims any right, title, or interest in the $107,000 must file with the Clerk of the United States District Court, Tampa Division, 801 North Florida Avenue, Tampa, Florida, 33602, a petition for a hearing to adjudicate the claimant's interest. The petition should be mailed within thirty (30) days of receipt of actual notice or the final publication of notice, whichever is earlier. The petition (1) shall provide the nature and extent of the petitioner's right, title, or interest in the $107,000 along with any facts surrounding the petitioner's claim and (2) shall be signed by the petitioner under penalty of perjury. The court will set a hearing to determine the validity of the petitioner's interest in the $107,000.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, a final order of forfeiture will issue upon adjudication of all third-party interests

ORDERED in Tampa, Florida, on March 10, 2008.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE